UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| TIMOTHY VANDER PLAATS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14 CV 9 |
| | ) |
| CITY OF LAFAYETTE, LAFAYETTE POLICE DEPARTMENT, CHARLES WILLIAMS in his official and individual capacity, and MICHAEL BARTHELEMY in his official and individual capacity, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

**I.     BACKGROUND**

As explained in prior orders, plaintiff originally filed this suit in the Tippacanoe County Superior Court, alleging that he was assaulted in a parking lot near his home by three unknown assailants, one of whom plaintiff believes was defendant Michael Barthelemy, an officer with the Lafayette Police Department ("LPD"). Plaintiff suspects Barthelemy is in part responsible for the assault because, 10 days prior, the two had a verbal altercation related to plaintiff's contact with Barthelemy's fiancee.

Plaintiff later amended his complaint to include a single claim under 42 U.S.C. § 1983 against Barthelemy. The addition of this claim permitted the Lafayette Police Department and the City of Lafayette to remove the case to federal court, where it is now pending.

This court moved *sua sponte* for summary judgment on plaintiff's § 1983 claim, due to an apparent lack of evidence demonstrating any issues of fact regarding whether Barthelemy was acting under color of state law when he allegedly attacked plaintiff in the parking lot. *West v. Atkins,* 487 U.S. 42, 49-50 (1988) (to succeed on a claim under § 1983, a plaintiff must prove that he was deprived of a federal right, privilege, or immunity by a person acting under color of state law). Both plaintiff and Barthelemy were given the opportunity to file responses to the court's motion.

II.  DISCUSSION

   A.  **Summary Judgment**

Federal Rule of Civil Procedure 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). In responding to a motion for summary judgment, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986); *Palmer v. Marion County,* 327 F.3d 588, 595 (7th Cir. 2003). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson,* 477 U.S. at 248; *Donovan v. City of Milwaukee,* 17 F.3d 944, 947 (7th Cir. 1994). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict

for the nonmoving party." *Anderson,* 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007).

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 249-50; *Doe v. R.R. Donnelley & Sons Co.,* 42 F.3d 439, 443 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.,* 45 F.3d 231, 234 (7th Cir. 1995).

Though Barthelemy stated no opposition to the court's *sua sponte* motion for summary judgment, plaintiff argued first that Barthelemy has waived any argument regarding the § 1983 claim, and second that Barthelemy did act under color of state law.

Plaintiff's first argument has no merit whatsoever. A motion for summary judgment is an opportunity, not a requirement. *See* Fed. R. Civ. P. 56(a) ("A party *may* move for summary judgment . . . ." (emphasis added)). Barthelemy did not waive any argument simply because he did not raise it in a motion for summary judgment; he was entitled to wait until trial to defend himself if he so chose.

Plaintiff's second argument fails as well. In a far-fetched attempt to claim that Barthelemy was acting under color of state law, plaintiff argues that Barthelemy "was

3

clothed with authority from LPD to seek street justice," because LPD did not respond to plaintiff's complaints following the incident at the restaurant with any instruction to Barthelemy to stay away from plaintiff. However, plaintiff cites not a single authority indicating that acting under implicit encouragement from other officers or investigators to engage in vigilante justice is tantamount to acting "under color of state law" for purposes of a § 1983 claim. Nor will the court extend the doctrine to such an extent. Indeed, it is well-settled that the conduct in question must be related to the defendant's *state-conferred authority;* encouragement from other officers to engage in vigilante justice is not state-conferred authority. *See Polk County v. Dodson,* 454 U.S. 312, 321 (1981); *Gibson v. City of Chicago,* 910 F.2d 1510, 1517 (7th Cir. 1990).

The outward use of state-conferred authority appears to be critical in the "color of law" analysis. When an officer (even an off-duty officer) invokes the power of his state office or his police persona in a confrontation, courts tend to find that the officer was acting under color of state law. *See, e.g., Pickrel v. City of Springfield, Ill.,* 45 F.3d 1115, 1118 (7th Cir. 1995) (plaintiff sufficiently stated claim that officer acted under color of law by alleging that off-duty police officer physically attacked him at restaurant while wearing police uniform, displaying badge, and wearing gun, while marked squad car was outside the restaurant); *Davis v. Murphy,* 559 F.2d 1098, 1101 (7th Cir. 1977) (though officers were technically off-duty and not in uniform when they committed assault, officers acted under color of law because they identified themselves as police

4

officers and were carrying badges and guns); *Mauntel v. Briscoe,* No. 93 C 6579, 1995 WL 25298, at *6 (N.D. Ill. Jan. 18, 1995) (officer acted under color of law when he verbally identified himself as officer, flashed badge, stated that he had a burglary suspect in the car, demanded plaintiff's license, commanded him to return to his car, and could have legally arrested him for noncompliance).

On the other hand, where the actions of an officer (even an on-duty officer) relate to personal matters and state-conferred authority is neither used nor threatened, courts are generally unwilling to find that the officer acted under color of state law. *See, e.g., Delcambre v. Delcambre,* 635 F.2d 407, 408 (5th Cir. 1981) (holding that on-duty police chief who assaulted sister-in-law at police station did not act under color of state law because altercation arose out of a personal dispute and defendant neither arrested nor threatened to arrest plaintiff); *Wilson v. Price,* 624 F.3d 389, 394 (7th Cir. 2010) (holding that alderman's confrontation with plaintiff was dispute between private citizens, and noting that "failure to identify oneself as a state official is inconsistent with being cloaked in one's official authority"); *Lyons v. Adams,* 257 F. Supp. 2d 1125, 1133 (N.D. Ill. 2003) (officers did not act under color of state law because their "actions in the fight are indistinguishable from those of private actors that have engaged in a brawl"); *Zienciuk v. City of Chicago,* No. 01cv3769, 2002 WL 1998309 at *6 (N.D. Ill. Aug. 28, 2002) (officers were not acting under color of state law during bar fight because "they behaved the same way non-police officers would behave"); *Manning v. Jones,* 696 F. Supp. 1231, 1235

(S.D. Ind. 1988) (finding no action under color of state law because altercation arose out of personal matters and defendants did not invoke power of their office as police officers).

In this case, there is no evidence in the record that the assailants used or threatened use of any state-conferred authority at all. None of the assailants verbally invoked any authority as officers, identified themselves as officers, flashed badges, threatened plaintiff with arrest, or anything of the like. Indeed, it appears the street-clothing-clad assailants said very little at all. (DE # 20-2 at 49-57, Pl. Dep. 115-25.) While Barthelemy was, indeed, a police officer, and was purportedly on-duty at the time that he allegedly assaulted plaintiff, the Seventh Circuit has made abundantly clear that the mere fact that a state employee was on-duty when he committed a particular act is not conclusive of whether the defendant acted under color of state law. "Acts committed by police officers even while on-duty and in uniform are not under color of state law unless they are in some way *related to the performance of police duties*." *Gibson,* 910 F.2d at 1516-17 (emphasis added). In short, there is no evidence in the record from which a reasonable fact-finder could conclude that Barthelemy acted under color of state law when he allegedly assaulted plaintiff, and summary judgment on the § 1983 claim in favor of Barthelemy is appropriate.

## B. Supplemental Jurisdiction

Because summary judgment has been granted on plaintiff's § 1983 claim, the only federal claim in this case, the court must consider whether to continue exercising supplemental jurisdiction over the remaining state law claims in this case. The federal supplemental jurisdiction statute provides that the district court "may decline to exercise supplemental jurisdiction" over state law claims if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

The Seventh Circuit has stated that "'[w]hen all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.,* 599 F.3d 720, 727 (7th Cir. 2010); *see also Groce v. Eli Lilly & Co.,* 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial."). The presumption is rebuttable, "but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *Khan v. State Oil Co.,* 93 F.3d 1358, 1366 (7th Cir. 1996); *see also Huffman v. Hains,* 865 F.2d 920, 923 (7th Cir. 1989) ("[R]espect for the state's interest in applying its own law, along with the state court's greater expertise in applying state law, become paramount concerns.").

The Seventh Circuit has held that certain circumstances may displace the presumption, namely: (1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided. *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.,* 672 F.3d 476, 480 (7th Cir. 2012). A district court's evaluation of these factors is entitled to substantial deference, and the Seventh Circuit has indicated that it will reverse a district court's decision to relinquish supplemental jurisdiction "'only in extraordinary circumstances.'" *Contreras v. Suncast Corp.,* 237 F.3d 756, 766 (7th Cir. 2001) (quoting *Disher v. Info. Res., Inc.,* 873 F.2d 136, 140 (7th Cir. 1989)); *see also Kennedy v. Schoenberg, Fisher & Newman, Ltd.,* 140 F.3d 716, 728 (7th Cir. 1998) (district court's decision to relinquish supplemental jurisdiction is "almost unreviewable").

In this case, all of the factors weight in favor of remand. First, Indiana's savings statute, Ind. Code § 34–11–8–1, and the tolling provision of 28 U.S.C. § 1367(d) foreclose any concerns related to the statute of limitations. (Also, issues related to the statute of limitations are less relevant when the court remands a case, as this court does in the present case, as opposed to dismissing it.) Further, while some judicial resources have been expended on this case, relatively little judicial time and effort has been spent compared to other cases of this type because the summary judgment and trial phases

8

have not yet concluded. Finally, it is not at all clear how the pendent claims will be resolved, as they are hotly contested by the parties and will require fact-sensitive inquiries by a court or jury. In short, none of the three factors overcome the presumption in favor of relinquishing supplemental jurisdiction over the remaining state law claims, and the state law claims will be remanded.

### III. CONCLUSION

For the foregoing reasons, the court **GRANTS** its own motion for summary judgment in favor of defendant Michael Barthelemy on plaintiff's claim under 42 U.S.C. § 1983. The court further relinquishes jurisdiction over and **REMANDS** the remaining state law claims to the Tippecanoe County Superior Court for further proceedings.

Because no claims remain against any defendants, the Clerk is ordered to **ENTER FINAL JUDGMENT** in this case and terminate any pending motions.

                                                **SO ORDERED.**

Date: September 30, 2015

                                   s/James T. Moody  
                                   JUDGE JAMES T. MOODY  
                                   UNITED STATES DISTRICT COURT